Judge Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.  CR03-60Z |
|             Plaintiff, ) | |
|     v. ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| JACK GRANT JEAKINS, ) | |
|             Defendant. ) | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Mike Lang and Carl Blackstone, Assistant United States Attorneys for said District, files this Sentencing Memorandum.

I. INTRODUCTION

On June 19, 2003, the defendant, JACK JEAKINS, was convicted of five counts relating to sexual abuse of a minor and five counts relating to counterfeiting. His sentencing is set for Friday, November 14, 2003.

The United States Probation Department has calculated the defendant's guideline range of imprisonment as 108 to 135 months. The Government agrees with this calculation. Nonetheless, the Government believes that this is an appropriate case for an upward departure because the defendant repeatedly abused the juvenile victim over a lengthy period of time. Accordingly, the Government is seeking a sentence of 180 months imprisonment, to be followed by three years of supervised release, restitution to all victims, and the $100 special assessment. The Government further agrees with all of the standard and special conditions recommended by United States Probation.

Government's Sentencing Memorandum/Jeakins — 1
CR03-60Z

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## II. DISCUSSION

### A. Factual Background

This Court is well acquainted with the facts of this case. The trial testimony showed that the defendant sexually abused T. B. while T. B. was between the ages of eleven and fourteen. The defendant had actual sexual contact with T.B. over one hundred times, doing so in at least five states: Oregon, Arizona, Florida, Colorado, and Washington. The defendant's predatory behavior exhibited itself by how he befriended, groomed, and abused a boy desperately in need of a father figure.

In addition to the instances of sexual abuse, the defendant taught T.B. how to manufacture counterfeit currency. The two of them then made counterfeit hundred dollar bills and passed the bills at locations in Colorado, Oregon, and Washington.

### B. Sentencing Recommendation

#### 1. Offense Level

The Probation Department has calculated the defendant's total offense level as 31, giving him a range of 108-135 months. The Government agrees with this calculation, but for different reasons.

##### a. Offense level for sexual assault counts (Counts 1,2,7,8,9.).

The defendant was convicted of four counts (Counts 1, 7, 8 and 9) of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). He was also convicted of one count (Count 2) of travel with intent to engage in sexual acts with a juvenile in violation of 18 U.S.C. § 2423(b).

At first blush, it is not entirely clear which section of the guidelines should be used to determine the defendant's sentencing range for all of these counts. Appendix A to the U.S. Sentencing Guidelines Manual references U.S.S.G. § 2G1.1 for violations of 18 U.S.C. § 2423(a). However, Appendix A also references U.S.S.G. § 2A3.2 for violations of 18 U.S.C. § 2423(b). Upon closer examination, the government believes that U.S.S.G. § 2A3.2 should be used for all of the counts of conviction.

Government's Sentencing Memorandum/Jeakins — 2
CR03-60Z

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

U.S.S.G. § 2G1.1 is primarily aimed at crimes involving prostitution. The background to that section provides in pertinent part:

> This guideline covers offenses under chapter 117 of title 18, United States Code. These offenses involve promoting prostitution or prohibited sexual conduct through a variety of means. . . Offenses under chapter 117 of such title that do not involve promoting prostitution are to be sentenced under . . . §2A3.2 (Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years)

Because the violations of 18 U.S.C. § 2423(a) which were alleged in Counts 1, 7, 8, and 9, do not involve prostitution, and do involve Criminal Sexual Abuse of a Minor Under the Age of Sixteen, the Guidelines appear to direct the Court to apply U.S.S.G. § 2A3.2.

Additionally, U.S.S.G. section 2A3.2 on its face applies to all of the counts of conviction. That section applies to all offenses involving (a) a violation of chapter 117 of Title 18, United States Code; and (b) the commission of a sexual act; and (c) sexual contact. Counts one, two, seven, eight, and nine constitute a violation of chapter 117 of Title 18, United States Code and each count involved the commission of a sexual act or sexual contact.

Applying U.S.S.G. § 2A3.2, the calculations for Counts 1,2,7,8, and 9 are as follows:

   i. Base offense level: 24. This offense involved a violation of chapter 117 of title 18, United States Code (18 U.S.C. § 2423(b)), and the commission of a sexual act and sexual contact.

   ii. Specific Offense Characteristics. A two level increase is warranted for each count because the victim was "in the custody, care or supervisory control of the defendant." U.S.S.G. § 2A3.2 (b)(1).

Application Note Two to U.S.S.G. § 2A3.2 states that this offense characteristic ". . . [I]s intended to have broad application and is to be applied whenever the victim is entrusted to the defendant, whether temporarily or permanently." The note continues that the sentencing court "should look to the actual relationship that existed between the defendant and the victim and not simply the legal status of the defendant-victim relationship."

Government's Sentencing Memorandum/Jeakins — 3
CR03-60Z

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

This enhancement applies to this case for several reasons. First, T.B. entrusted himself to the defendant as they traveled together for several months, from October, 2002 until January, 2003. To be sure, the defendant lured T.B. into trusting him, spending time with T.B., going camping, fishing, bike riding, and buying gifts for T.B. Moreover, throughout this time, the defendant held himself out as T.B.'s father, and T.B. repeated this explanation of their relationship. This occurred when T.B. was arrested in Colorado, and the defendant and T.B. both told Colorado authorities that they were father and son. They also gave this same explanation in motels and RV parks during their various trips, and when they were contacted by Snohomish County Sheriff's deputies. Finally, T.B. was under the care of the defendant because he relied upon the defendant for everything he had -- food, shelter, guidance, and transportation. Thus, the <u>actual</u> relationship between T.B. and the defendant was that T.B. was under the custody, care and supervisory control of the defendant.

      iii.     Total offense level: 26.

**c. Offense calculation for counterfeiting counts (Counts 3,4,5,6, and 10).**

The government agrees with the probation department's calculation that the adjusted offense level for these counts is 19.

**d. Grouping of offenses.**

The government also agrees with the probation department that there are six "groups" of counts for purposes of U.S.S.G. § 3D1.2. Each sexual abuse count is a separate group, and the counterfeiting charges are an additional group, yielding a total of six groups.

The greater of the adjusted levels is 26 (from count 2). An additional five level increase is added to this level, pursuant to U.S.S.G. § 3D1.4.

Thus, the defendant's total offense level is 31. Given that the defendant has a criminal history category of I, his guideline range of imprisonment is 108-135 months.

Government's Sentencing Memorandum/Jeakins — 4
CR03-60Z

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

**2. Government's Motion for Upward Departure and Sentence Recommendation.**

The government moves the Court to depart from the sentencing guidelines and impose a sentence of fifteen years (180 months) pursuant to U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b). This would require a four-level increase in the defendant's guideline range.

The government's recommendation is based upon the repeated sexual assaults inflicted on T.B. by the defendant over the course of several years, and the fact that the sentencing guidelines do not adequately address the defendant's behavior.

**a. Repetitive abuse justifies an upward departure.**

In this case, an upward departure is justified because the defendant began abusing T.B. when he was under the age of twelve, because this abuse occurred over several years, and because the defendant committed over one hundred separate sexual assaults upon T.B.

Several courts have accepted the rationale that repeated sexual abuse occurring over time is a proper basis for an upward departure. For example, in United States v. Chatlin, 51 F.3d 869 (9th Cir. 1994), the defendant pleaded guilty to one count of sexual abuse of a minor. However, he had sexually abused two minor children over a long period of time. His victims were a thirteen year old girl, who had engaged in a consensual sexual relationship with Chatlin, and an eleven year old, who Chatlin had molested and sodomized two to three times a week. 51 F.3d at 871. The sentencing court departed upward and imposed a sentence of 135 months. The court cited three grounds for the upward departure: extreme conduct, the repetitive harm caused by long term sexual abuse, and extreme psychological harm. Id. The Ninth Circuit affirmed, noting that "while repetitive conduct is not specifically mentioned in the Guidelines, it is an accepted basis for an upward departure." 51 F.3d at 873.

Similarly, in United States v. Claymore, 978 F.2d 421, 424-25 (8th Cir. 1992) the defendant was convicted of a single count of sexual abuse of a minor. The defendant, a tribal police officer, had raped a thirteen year old victim six times in the

Government's Sentencing Memorandum/Jeakins — 5
CR03-60Z

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

back seat of his patrol car. The trial court imposed an upward departure of 60 months. The court did so because "this was more than a single act of sexual abuse as charged in the indictment." 978 F.2d at 424. The Eight Circuit affirmed the court's decision, agreeing "that Claymore's conduct was sufficiently unusual in kind and especially in degree to warrant an upward departure." Id.

The Sentencing Guidelines also support an upward departure for repetitive conduct:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct. . . the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning:
> (e) prior similar adult criminal conduct not resulting in a criminal conviction.

U.S.S.G. 4A1.3

This Guideline has been accepted by courts as a basis for an upward departure. United States v. Zamarripa, 905 F.2d 337, 341 (10th Cir. 1990); United States v. Fawbush, 946 F..2d 584, 587 (8th Cir. 1991). In both cases, the courts affirmed an upward departure for multiple acts of sexual abuse, and specifically cited USSG 4A1.3(e). United States v. Hersh, 297 F.3d 1233 (11th Cir. 2002)(upward departure for twenty year history of sexual abuse on multiple victims).

The rationale for such a departure is obvious. Cases such as this, where a victim is repeatedly violated over the course of several years, are qualitatively different from crimes where a single incident of sexual abuse occurs, and thus takes this case far outside the realm of single-incident cases.

### b. The current sentencing range does not adequately address the defendant's behavior.

A court may impose a sentence outside the guidelines if the court finds there is an aggravating circumstance of a kind not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). An upward departure is justified here because the sentencing guidelines do not adequately address a case where a defendant begins to sexually abuse a child under the age of twelve, when

Government's Sentencing Memorandum/Jeakins — 6
CR03-60Z

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

all the initial incidents occur in a single state. Here, the defendant's sexual abuse of T.B. began when T.B. was under the age of twelve, and all of the abuse occurring when T.B. was under twelve occurred solely in the state of Oregon.

The Guidelines, particularly the Guidelines used here (Section 2G1.1 and/or Section 2A3.2) require a cross-reference to U.S.S.G. § 2A3.1 when the offense "involved criminal sexual abuse (as defined in 18 U.S.C. §2241 or §2242)." Here, the cross-reference does not apply because 18 U.S.C. § 2241 criminalizes only sexual acts with minors when the defendant crosses state lines or commits the crime in the special maritime or territorial jurisdiction of the United States. The statute criminalizes:

> "Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who has not attained the age of 12 years. . ."

18 U.S.C. § 2241

By its terms, this cross-reference does not apply here because the defendant sexually abused Tyler solely within the state of Oregon, and did not cross state lines or commit his crimes in maritime or territorial jurisdiction.[1]

Had this cross-reference applied, the defendant's sentencing range would have been calculated as follows, under U.S.S.G. § 2A3.1:

Base offense level: 27

Increase four levels because the victim had not attained the age of twelve years.

Increase four levels under the grouping requirements of 3D1.4.

This would have led to a total offense level of 35, and a range of 168-210 months.

Thus, the government's recommended sentence of 180 months falls within the range that the sentencing guidelines contemplate for criminal sexual acts involving minors under the age of twelve.

---

[1] 18 U.S.C. § 2242 refers to cases of sexual abuse by threats or when the victim cannot consent, and is not germane to this discussion.

Government's Sentencing Memorandum/Jeakins — 7
CR03-60Z

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## III. CONCLUSION

The government's recommendation is firm but fair; it properly considers the length and breadth of the defendant's criminality. This recommendation also factors in considerations that the sentencing guidelines do not adequately address.

The requested sentence will ensure that the Court maintains control over the defendant's life, a structure that will be necessary to protect future victims. In addition, this sentence recognizes the extent of the defendant's crimes, it acknowledges the pain suffered by his victim, and it ensures the future protection of the community

DATED this 17th day of November, 2003.

Respectfully submitted,

JOHN McKAY
United States Attorney


  s/ Michael J. Lang
MICHAEL J. LANG, WSBA #19262
Assistant United States Attorney
United States Attorney's Office
601 Union Street, Ste 5100
Seattle, WA 98101
Phone: 206-553-4432
Fax: 206-553-0755
Email: mike.lang@usdoj.gov


  s/ Carl Blackstone
CARL BLACKSTONE
Assistant United States Attorney
United States Attorney's Office
601 Union Street, Ste 5100
Seattle, WA 98101
Phone: 206-553-2905
Fax: 206-553-0755
Email: carl.blackstone@usdoj.gov

Government's Sentencing Memorandum/Jeakins — 8
CR03-60Z

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2003, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

    s/   Jeannie Liu
    Jeannie Liu
    Legal Assistant
    United States Attorney's Office
    601 Union Street, Suite 5100
    Seattle, Washington 98101-3903
    Phone: 206-553-2463
    FAX:   206-553-0755
    E-mail: jeannie.liu@usdoj.gov

Government's Sentencing Memorandum/Jeakins — 9
CR03-60Z

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970